# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| JEFFREY MILLER, Individually and For Others Similarly Situated,<br><br>　Plaintiff,<br><br>v.<br><br>LUCAS ASSOCIATES, INC. d/b/a LUCAS GROUP,<br><br>　Defendant. | Case No. 4:20-cv-1670<br><br>JURY TRIAL DEMANDED<br><br>COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b) |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

### SUMMARY

1. Jeffrey Miller (Miller) brings this lawsuit to recover unpaid overtime wages and other damages from Defendant Lucas Associates, Inc. d/b/a Lucas Group (Lucas Group) under the Fair Labor Standards Act (FLSA). *See* 29 U.S.C. § 201 *et seq.*

2. Miller worked for Lucas Group as a Change Management Consultant.

3. Miller and the Day Rate Workers (as defined below) regularly worked more than 40 hours a week.

4. But these workers never received overtime for hours worked in excess of 40 hours in a single workweek.

5. Instead of paying overtime as required by the FLSA, Lucas Group pays these workers a flat amount for each day worked (a "day rate") without overtime compensation.

6. Lucas Group never paid Miller or the Day Rate Workers a guaranteed salary.

7. This collective action seeks to recover the unpaid overtime wages and other damages owed to these workers.

**JURISDICTION & VENUE**

8. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

9. Venue is proper under 28 U.S.C. § 1391(b)(2) since a substantial part of the events giving rise to this claim occurred in this District and Division.

10. Miller worked for Lucas Group in this District and Division.

11. Specifically, Miller worked for Lucas Group in and around Houston, Texas. Indeed, Miller regularly worked overtime for Lucas Group in and around Houston, Texas. Despite regularly working over 40 hours, Lucas Group paid Miller a day rate with no overtime for the work he did for Lucas Group in and around Houston, Texas.

12. Lucas Group conducts substantial business operations and maintains an office in this District and Division.

**PARTIES**

13. Miller worked for Lucas Group as a Change Management Control from approximately June 2019 until October 2019.

14. Throughout his employment with Lucas Group, Miller was paid a day rate with no overtime compensation.

15. Miller's written consent is attached as Exhibit 1.

16. Miller brings this action on behalf of himself and all other similarly situated workers who were paid by Lucas Group's day rate pay plan.

17. Lucas Group paid each of these workers a flat amount for each day worked and failed to pay them overtime for hours worked in excess of 40 in a workweek in accordance with the FLSA.

18. The collective of similarly situated employees or Day Rate Workers sought to be certified is defined as follows:

**All Lucas Group employees paid a day rate with no overtime at any time during the past 3 years** (Day Rate Workers).

19. The Day Rate Workers are easily ascertainable from Lucas Group's business and personnel records.

20. Defendant Lucas Group may be served with process by serving its registered agent: **Cogency Global, Inc., 1601 Elm Street, Suite 4360, Dallas, Texas 75201**.

## COVERAGE UNDER THE FLSA

21. At all relevant times, Lucas Group has been an employer within the meaning of the Section 3(d) of the FLSA. 29 U.S.C. § 203(d).

22. At all relevant times, Lucas Group has been an enterprise within the meaning of Section 3(r) of the FLSA. 29 U.S.C. § 203(r).

23. At all relevant times, Lucas Group has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1). Lucas Group has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials – such as tools, cell phones, and personal protective equipment - that have been moved in or produced for commerce.

24. In each of the last 3 years, Lucas Group has had annual gross volume of sales made or business done of at least $1,000,000.

25. At all relevant times, Miller and the Day Rate Workers were engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials (including tools, flashlights, smart phones/devices, badges, uniforms, computers, personal protection equipment, etc.) that have been moved in or produced for commerce.

26. Lucas Group uniformly applied its policy of paying its employees, including Miller, a day rate with no overtime compensation.

27. Lucas Group applied this policy regardless of any alleged individualized factors such as job position, job duties/responsibilities, or geographic location.

28. By paying their employees a day rate with no overtime compensation, Lucas Group violated (and continues to violate) the FLSA's requirement that it pay its employees overtime compensation at 1 and ½ times their regular rates for hours worked in excess of 40 in a workweek.

29. As a result of this policy, Miller and the Day Rate Workers do not receive overtime as required by the FLSA.

30. Lucas Group's uniform compensation scheme of paying its employees a day rate with no overtime compensation for weeks in which these workers work over 40 hours is, in of itself, a violation of the FLSA. 29 U.S.C. § 207(a) & (e).

## FACTUAL ALLEGATIONS

31. Lucas Group bills itself as "the premier recruiting firm in North America."[1]

32. To complete its business objectives, Lucas Group hires personnel, such as Miller, that it staffs to various industries throughout the United States.

33. Many of these individuals worked for Lucas Group on a day rate basis (without overtime pay).

34. These workers make up the proposed class of Day Rate Workers.

35. While exact job titles and job duties may differ, these employees are subjected to the same or similar illegal pay practices for similar work.

36. For example, Miller worked for Lucas Group as a Change Management Control from approximately June 2019 until October 2019 in Houston, Texas.

37. Throughout his employment with Lucas Group, Lucas Group paid him on a day rate basis.

---

[1] https://www.lucasgroup.com/about/ (last visited May 11, 2020).

38. Miller and the Day Rate Workers work for Lucas Group under its day rate pay scheme.

39. Miller and the Day Rate Workers do not receive a salary.

40. If Miller and the Day Rate Workers did not work, they did not get paid.

41. Miller and the Day Rate Workers receive a day rate.

42. Miller and the Day Rate Workers do not receive overtime pay.

43. This is despite the fact that Miller and the Day Rate Workers often worker at least 10 hours a day, for as many as 7 days a week, for weeks at a time.

44. For example, Miller received a day rate of approximately $600 for each day he worked for Lucas Group.

45. Although he typically worked up to 7 days a week, for at least 10 hours a day, he did not receive any overtime pay.

46. Miller and the Day Rate Workers received the day rate regardless of the number of hours they worked, and even if they worked more than 40 hours in a workweek.

47. Miller and the Day Rate Workers work in accordance with the schedule set by Lucas Group and/or its clients.

48. Miller's work schedule is typical of the Day Rate Workers.

49. Lucas Group controls Miller and the Day Rate Workers' pay.

50. Likewise, Lucas Group and/or its clients control Miller and the Day Rate Workers' work.

51. Lucas Group requires Miller and the Day Rate Workers to follow Lucas Group and/or its clients' policies and procedures.

52. Miller and the Day Rate Workers' work must adhere to the quality standards put in place by Lucas Group and/or its clients.

53. Miller and the Day Rate Workers are not required to possess any unique or specialized skillset (other than that maintained by all other workers in their respective positions) to perform their job duties.

54. At all relevant times, Lucas Group and/or its clients maintained control, oversite, and direction of Miller and the Day Rate Workers, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, and other employment practices.

55. Miller and the Day Rate Workers do not have the power to hire or fire any employees.

56. Lucas Group knows Miller and the Day Rate Workers work for at least 10 hours a day, for as many as 7 days a week.

57. Lucas Group's records reflect the fact that Miller and the Day Rate Workers regularly work far in excess of 40 hours in certain workweeks.

58. Lucas Group does not pay Miller or the Day Rate Workers overtime for hours worked in excess of 40 in any of those weeks.

59. Instead, Lucas Group pays Miller and the Day Rate Workers on a day rate basis.

60. Very little skill, training, or initiative is required of Miller and the Day Rate Workers to perform their job duties.

61. Indeed, the daily and weekly activities of Miller and the Day Rate Workers are routine and largely governed by standardized plans, procedures, and checklists created by Lucas Group.

62. Virtually every job function is predetermined by Lucas Group (or its clients), including the tools and equipment used at the job site, the data to compile, the schedule of work, and related work duties.

63. Lucas Group prohibits Miller and the Day Rate Workers from varying their job duties outside of the predetermined parameters and requires Miller and the Day Rate Workers to follow Lucas Group's (or its clients') policies, procedures, and directives.

64. Miller and the Day Rate Workers perform routine job duties largely dictated by Lucas Group (or its clients).

65. All of Lucas Group's day rate employees are subjected to the same or similar policies and procedures which dictate the day-to-day activities they perform.

66. All of Lucas Group's day rate employees work similar hours and are denied overtime as a result of the same illegal pay practice.

67. Lucas Group uniformly denies Miller and the Day Rate Workers overtime for the hours they work in excess of 40 hours in a single workweek.

68. Miller and the Day Rate Workers are not employed on a salary basis.

69. Miller and the Day Rate Workers do not, and have never, received guaranteed weekly compensation from Lucas Group irrespective of the day worked (i.e., the only compensation they receive is the day rate they are assigned for all hours worked in a single day or week).

70. Lucas Group's policy of paying Miller and the Day Rate Workers a day rate with no overtime compensation violates the FLSA because it deprives Miller and the Day Rate Workers of overtime for the hours they work in excess of 40 hours in a single workweek.

71. Lucas Group knew Miller and the Day Rate Workers worked more than 40 hours in a week.

72. Lucas Group knew, or showed reckless disregard for whether, the Day Rate Workers were not exempt from the FLSA's overtime provisions.

73. Nonetheless, Lucas Group failed to pay Miller and the Day Rate Workers overtime.

74. Lucas Group knew, or showed reckless disregard for whether, the conduct described in this Complaint violated the FLSA.

### COLLECTIVE ACTION ALLEGATIONS

75. Miller brings this claim as a collective action under the FLSA.

76. The Day Rate Workers were victimized by Lucas Group's pattern, practice, and/or policy which is in willful violation of the FLSA.

77. Other Day Rate Workers worked with Miller and indicated they were paid in the same manner (a day rate with no overtime) and performed similar work.

78. Based on his experiences with Lucas Group, Miller is aware that Lucas Group's illegal practices were imposed on the Day Rate Workers.

79. The Day Rate Workers are similarly situated in all relevant respects.

80. Even if their precise job duties might vary somewhat, these differences do not matter for the purposes of determining their entitlement to overtime.

81. The illegal day rate policy that Lucas Group imposes on Miller is likewise imposed on all Day Rate Workers.

82. Numerous individuals are victimized by this pattern, practice, and policy which is in willful violation of the FLSA.

83. The Day Rate Workers are similarly denied overtime when they work more than 40 hours per week.

84. The overtime owed to Miller and the Day Rate Workers will be calculated using the same records and using the same formula.

85. Miller's experiences are therefore typical of the experiences of the Day Rate Workers.

86. The specific job titles or precise job locations of the various members of the Putative Class do not prevent collective treatment.

87. Miller has no interests contrary to, or in conflict with, the Day Rate Workers that would prevent class or collective treatment.

88. Like each Day Rate Worker, Miller has an interest in obtaining the unpaid overtime wages owed under state and/or federal law.

89. A collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

90. Absent a collective action, many Day Rate Workers will not obtain redress of their injuries and Lucas Group will reap the unjust benefits of violating the FLSA.

91. Further, even if some of the Day Rate Workers could afford individual litigation against Lucas Group, it would be unduly burdensome to the judicial system.

92. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the Day Rate Workers, as well as provide judicial consistency.

93. The questions of law and fact that are common to each Day Rate Worker predominate over any questions affecting solely the individual members.

94. Among the common questions of law and fact are:

   a. Whether Lucas Group employed the Day Rate Workers within the meaning of the FLSA;

   b. Whether Lucas Group's decision to pay a day rate with no overtime compensation to these workers was made in good faith;

   c. Whether Lucas Group's violation of the FLSA was willful; and

   d. Whether Lucas Group's illegal pay practice applied to the Day Rate Workers.

95. Miller and the Day Rate Workers sustained damages arising out of Lucas Group's illegal and uniform employment policy.

96. Miller knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a collective action.

97. Even if the issue of damages were somewhat individual in character, the damages can be calculated by reference to Lucas Group's records, and there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude collective treatment.

98. Lucas Group is liable under the FLSA for failing to pay overtime to Miller and the Day Rate Workers.

99. Consistent with Lucas Group's illegal day rate policy, Miller and the Day Rate Workers were not paid the proper premium overtime compensation when they worked more than 40 hours in a workweek.

100. As part of their regular business practices, Lucas Group intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Miller and the Day Rate Workers.

101. Lucas Group's illegal day rate policy deprived Miller and the Day Rate Workers of the premium overtime wages they are owed under federal law.

102. Lucas Group is aware, or should have been aware, that the FLSA required them to pay Miller and the Day Rate Workers overtime premiums for all hours worked in excess of 40 hours per workweek.

103. There are many similarly situated Day Rate Workers who have been denied overtime pay in violation of the FLSA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.

104. This notice should be sent to the Day Rate Workers pursuant to 29 U.S.C. § 216(b).

105. Those similarly situated employees are known to Lucas Group, are readily identifiable, and can be located through Lucas Group's records.

## CAUSE OF ACTION
## VIOLATION OF THE FLSA

106. Miller brings his FLSA claim as a collective action under 29 U.S.C. § 216(b).

107. Lucas Group violated, and is violating, the FLSA by failing to pay Miller and the Day Rate Workers overtime.

108. Lucas Group knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay the Day Rate Workers overtime compensation.

109. Lucas Group's failure to pay overtime compensation to these employees was neither reasonable, nor was the decision not to pay overtime made in good faith.

110. Accordingly, Miller and the Day Rate Workers are entitled to overtime wages under the FLSA in an amount equal to 1.5 times their rate of pay, plus liquidated damages, attorney's fees and costs.

## JURY DEMAND

Miller demands a trial by jury.

## PRAYER

WHEREFORE, Miller, individually, and on behalf of the Day Rate Workers respectfully requests that this Court grant the following relief:

   a. An order designating this lawsuit as a collective action and authorizing notice pursuant to 29 U.S.C. § 216(b) to the Day Rate Workers to permit them to join this action by filing a written notice of consent;

   b. A judgment against Lucas Group awarding Miller and the Putative Members all their unpaid overtime compensation and an additional, equal amount, as liquidated damages;

   c. Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under the FLSA;

   d. An order awarding attorneys' fees, costs, and expenses;

   e. Pre- and post-judgment interest at the highest applicable rates; and

   f. Such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: */s/ Michael A. Josephson*
    **Michael A. Josephson**
    State Bar No. 24014780
    Federal ID No. 27157
    **Andrew W. Dunlap**
    State Bar No. 24078444
    Federal ID No. 1093163
    **Taylor A. Jones**
    State Bar No. 24107823
    Federal ID No. 3348814
    **JOSEPHSON DUNLAP**
    11 Greenway Plaza, Suite 3050
    Houston, Texas 77046
    713-352-1100 – Telephone
    713-352-3300 – Facsimile
    mjosephson@mybackwages.com
    adunlap@mybackwages.com
    tjones@mybackwages.com

    **Richard J. (Rex) Burch**
    Texas Bar No. 24001807
    Federal ID No. 21615
    **BRUCKNER BURCH PLLC**
    8 Greenway Plaza, Suite 1500
    Houston, Texas 77046
    713-877-8788 – Telephone
    713-877-8065 – Facsimile
    rburch@brucknerburch.com

    **ATTORNEYS IN CHARGE FOR PLAINTIFF**