**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| JEFFREY MILLER, Individually and for Others Similarly Situated, | § § § § | |
| Plaintiffs | § § | |
| v. | § § § | Civil Action No. 4:20-cv-01670 |
| LUCAS ASSOCIATES, INC. d/b/a LUCAS GROUP, | § § § | |
| Defendant. | § § | |

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant Lucas Associates Temps, Inc. (improperly identified as Lucas Associates, Inc. d/b/a Lucas Group) ("Lucas") submits this Answer to Plaintiff Jeffrey Miller's ("Miller") Complaint.

**SUMMARY**

**COMPLAINT ¶1:**

Jeffrey Miller (Miller) brings this lawsuit to recover unpaid overtime wages and other damages from Defendant Lucas Associates, Inc. d/b/a Lucas Group (Lucas Group) under the Fair Labor Standards Act (FLSA).  See 29 U.S.C. § 201 et seq.

**ANSWER:**

Lucas admits that Plaintiff brings this case under the Fair Labor Standards Act ("FLSA"), but denies that it violated the FLSA or that Plaintiff is entitled to any other form of relief.

**COMPLAINT ¶2:**

Miller worked for Lucas Group as a Change Management Consultant.

**ANSWER:**

Lucas admits that Miller performed work in change management operations. Lucas denies the remaining allegations in Paragraph 2.

**COMPLAINT ¶3:**

Miller and the Day Rate Workers (as defined below) regularly worked more than 40 hours a week.

**ANSWER:**

Lucas denies the allegations in Paragraph 3. By way of further information, neither Plaintiff

or anyone else employed by Lucas was on a day-rate basis.

**COMPLAINT ¶4:**

But these workers never received overtime for hours worked in excess of 40 hours in a single workweek.

**ANSWER:**

Lucas denies the allegations in Paragraph 4. By way of further information, Plaintiff was

paid overtime.

**COMPLAINT ¶5:**

Instead of paying overtime as required by the FLSA, Lucas Group pays these workers a flat amount for each day worked (a "day rate") without overtime compensation.

**ANSWER:**

Lucas denies the allegations in Paragraph 5.

**COMPLAINT ¶6:**

Lucas Group never paid Miller or the Day Rate Workers a guaranteed salary.

**ANSWER:**

Lucas admits that it never paid Plaintiff a guaranteed salary. Lucas denies the remaining

allegations in Paragraph 6.

**COMPLAINT ¶7:**

This collective action seeks to recover the unpaid overtime wages and other damages owed to these workers.

**ANSWER:**

Lucas admits that Plaintiff purports to bring this case as a collective action and seeks relief, but denies that Plaintiff is similarly situated to any other employee or that this case should proceed as a collective action. Lucas also denies that it violated the FLSA or that Plaintiff, or any other employee, is entitled to any form of relief.

## JURISDICTION & VENUE

**COMPLAINT ¶8:**

This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA.  29 U.S.C. § 216(b).

**ANSWER:**

Lucas denies the allegations in Paragraph 8 because Plaintiff does not have any claims against Lucas as plead in this Complaint.

**COMPLAINT ¶9:**

Venue is proper under 28 U.S.C. § 1391(b)(2) since a substantial part of the events giving rise to this claim occurred in this District and Division.

**ANSWER:**

Lucas denies the allegations in Paragraph 9 because Plaintiff does not have any claims against Lucas as plead in this Complaint.

**COMPLAINT ¶10:**

Miller worked for Lucas Group in this District and Division.

**ANSWER:**

Lucas denies the allegations in Paragraph 10.

**COMPLAINT ¶11:**

Specifically, Miller worked for Lucas Group in and around Houston, Texas.  Indeed, Miller regularly worked overtime for Lucas Group in and around Houston, Texas.  Despite regularly working over 40 hours, Lucas Group paid Miller a day rate with no overtime for the work he did for Lucas Group in and around Houston, Texas.

**ANSWER:**

Lucas admits that Plaintiff worked in and around Houston. Lucas denies the remaining

allegations in Paragraph 11.

**COMPLAINT ¶12:**

Lucas Group conducts substantial business operations and maintains an office in this District and Division.

**ANSWER:**

Lucas admits that it maintains an office in Houston. Lucas denies the remaining allegations

in Paragraph 12.

## PARTIES

**COMPLAINT ¶13:**

Miller worked for Lucas Group as a Change Management Control from approximately June 2019 until October 2019.

**ANSWER:**

Lucas admits that Plaintiff worked in change management operations. Lucas denies the

remaining allegations in Paragraph 13.

**COMPLAINT ¶14:**

Throughout his employment with Lucas Group, Miller was paid a day rate with no overtime compensation.

**ANSWER:**

Lucas denies the allegations in Paragraph 14.

**COMPLAINT ¶15:**

Miller's written consent is attached as Exhibit 1.

**ANSWER:**

Lucas admits the allegations in Paragraph 15.

**COMPLAINT ¶16:**

Miller brings this action on behalf of himself and all other similarly situated workers who were paid by Lucas Group's day rate pay plan.

**ANSWER:**

Lucas admits that Plaintiff purports to bring this case as a collective action but denies that

Plaintiff is similarly situated to any other employees or that this case should proceed as a collective

action. Lucas denies the remaining allegations in Paragraph 16.

**COMPLAINT ¶17:**

Lucas Group paid each of these workers a flat amount for each day worked and failed to pay them overtime for hours worked in excess of 40 in a workweek in accordance with the FLSA.

**ANSWER:**

Lucas denies the allegations in Paragraph 17.

**COMPLAINT ¶18:**

The collective of similarly situated employees or Day Rate Workers sought to be certified is defined as follows:

**All Lucas Group employees paid a day rate with no overtime at any time during the past 3 years (Day Rate Workers).**

**ANSWER:**

Lucas admits that Plaintiff purports to bring this case as a collective action but denies that

Plaintiff is similarly situated to any other employees or that this case should proceed as a collective

action.

**COMPLAINT ¶19:**

The Day Rate Workers are easily ascertainable from Lucas Group's business and personnel records.

**ANSWER:**

Lucas denies the allegations in Paragraph 19.

**COMPLAINT ¶20:**

Defendant Lucas Group may be served with process by serving its registered agent:

**Cogency Global, Inc., 1601 Elm Street, Suite 4360, Dallas, Texas 75201.**

**ANSWER:**

Lucas admits the allegations in Paragraph 20.

## COVERAGE UNDER THE FLSA

**COMPLAINT ¶21:**

At all relevant times, Lucas Group has been an employer within the meaning of the Section 3(d) of the FLSA.  29 U.S.C. § 203(d).

**ANSWER:**

Lucas admits that it is an employer within the meaning of the FLSA with respect to those

individuals whom it employs but denies that the named defendant entity was Plaintiff's employer

within the meaning of the FLSA. Lucas denies the remaining allegations in Paragraph 21.

**COMPLAINT ¶22:**

At all relevant times, Lucas Group has been an enterprise within the meaning of Section 3(r) of the FLSA.  29 U.S.C. § 203(r).

**ANSWER:**

Lucas admits the allegations in Paragraph 22.

**COMPLAINT ¶23:**

At all relevant times, Lucas Group has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1).  Lucas Group has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials — such as tools, cell phones, and personal protective equipment - that have been moved in or produced for commerce.

**ANSWER:**

Lucas admits the allegations in Paragraph 23.

**COMPLAINT ¶24:**

In each of the last 3 years, Lucas Group has had annual gross volume of sales made or business done of at least $1,000,000.

**ANSWER:**

Lucas admits the allegations in Paragraph 24.

**COMPLAINT ¶25:**

At all relevant times, Miller and the Day Rate Workers were engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials (including tools, flashlights, smart phones/devices, badges, uniforms, computers, personal protection equipment, etc.) that have been moved in or produced for commerce.

**ANSWER:**

Lucas admits that Plaintiff was engaged in commerce during his employment with Lucas.

Lucas denies the remaining allegations in Paragraph 25.

**COMPLAINT ¶26:**

Lucas Group uniformly applied its policy of paying its employees, including Miller, a day rate with no overtime compensation.

**ANSWER:**

Lucas denies the allegations in Paragraph 26.

**COMPLAINT ¶27:**

Lucas Group applied this policy regardless of any alleged individualized factors such as job position, job duties/responsibilities, or geographic location.

**ANSWER:**

Lucas denies the allegations in Paragraph 27.

**COMPLAINT ¶28:**

By paying their employees a day rate with no overtime compensation, Lucas Group violated (and continues to violate) the FLSA's requirement that it pay its employees overtime compensation at 1 and 1/2 times their regular rates for hours worked in excess of 40 in a workweek.

64477167v.2

**ANSWER:**

Lucas denies the allegations in Paragraph 28.

**COMPLAINT ¶29:**

As a result of this policy, Miller and the Day Rate Workers do not receive overtime as required by the FLSA.

**ANSWER:**

Lucas denies the allegations in Paragraph 29.

**COMPLAINT ¶30:**

Lucas Group's uniform compensation scheme of paying its employees a day rate with no overtime compensation for weeks in which these workers work over 40 hours is, in of itself, a violation of the FLSA. 29 U.S.C. § 207(a) & (e).

**ANSWER:**

Lucas denies the allegations in Paragraph 30.

## FACTUAL ALLEGATIONS

**COMPLAINT ¶31:**

Lucas Group bills itself as "the premier recruiting firm in North America."

**ANSWER:**

Lucas admits the allegations in Paragraph 31.

**COMPLAINT ¶32:**

To complete its business objectives, Lucas Group hires personnel, such as Miller, that it staffs to various industries throughout the United States.

**ANSWER:**

Lucas admits that it conducts operations as a recruiting and staffing firm and hires personnel to staff with its clients. Lucas denies the remaining allegations in Paragraph 32.

**COMPLAINT ¶33:**

Many of these individuals worked for Lucas Group on a day rate basis (without overtime pay).

**ANSWER:**

Lucas denies the allegations in Paragraph 33.

**COMPLAINT ¶34:**

These workers make up the proposed class of Day Rate Workers.

**ANSWER:**

Lucas admits that Plaintiff purports to bring this case as a collective action but denies that

Plaintiff is similarly situated to any other employees or that this case should proceed as a collective

action. Lucas denies the remaining allegations in Paragraph 34.

**COMPLAINT ¶35:**

While exact job titles and job duties may differ, these employees are subjected to the same
or similar illegal pay practices for similar work.

**ANSWER:**

Lucas denies the allegations in Paragraph 35.

**COMPLAINT ¶36:**

For example, Miller worked for Lucas Group as a Change Management Control from
approximately June 2019 until October 2019 in Houston, Texas.

**ANSWER:**

Lucas admits that Plaintiff worked for Lucas Associates Temps, Inc. in change

management operations for a client located in Houston, Texas, until October 2019. Lucas denies

the remaining allegations in Paragraph 36.

**COMPLAINT ¶37:**

Throughout his employment with Lucas Group, Lucas Group paid him on a day rate basis.

**ANSWER:**

Lucas denies the allegations in Paragraph 37.

**COMPLAINT ¶38:**

Miller and the Day Rate Workers work for Lucas Group under its day rate pay scheme.

**ANSWER:**

Lucas denies the allegations in Paragraph 38.

**COMPLAINT ¶39:**

Miller and the Day Rate Workers do not receive a salary.

**ANSWER:**

Lucas admits that it did not pay Plaintiff a salary. Lucas denies the remaining allegations in Paragraph 39.

**COMPLAINT ¶40:**

If Miller and the Day Rate Workers did not work, they did not get paid.

**ANSWER:**

Lucas admits that it paid Plaintiff for the hours that he worked and did not pay him for hours that he did not work. Lucas denies the remaining allegations in Paragraph 40.

**COMPLAINT ¶41:**

Miller and the Day Rate Workers receive a day rate.

**ANSWER:**

Lucas denies the allegations in Paragraph 41.

**COMPLAINT ¶42:**

Miller and the Day Rate Workers do not receive overtime pay.

**ANSWER:**

Lucas denies the allegations in Paragraph 42.

**COMPLAINT ¶43:**

This is despite the fact that Miller and the Day Rate Workers often worker at least 10 hours a day, for as many as 7 days a week, for weeks at a time.

**ANSWER:**

Lucas denies the allegations in Paragraph 43.

**COMPLAINT ¶44:**

For example, Miller received a day rate of approximately $600 for each day he worked for Lucas Group.

**ANSWER:**

Lucas denies the allegations in Paragraph 44.

**COMPLAINT ¶45:**

Although he typically worked up to 7 days a week, for at least 10 hours a day, he did not receive any overtime pay.

**ANSWER:**

Lucas denies the allegations in Paragraph 45.

**COMPLAINT ¶46:**

Miller and the Day Rate Workers received the day rate regardless of the number of hours they worked, and even if they worked more than 40 hours in a workweek.

**ANSWER:**

Lucas denies the allegations in Paragraph 46.

**COMPLAINT ¶47:**

Miller and the Day Rate Workers work in accordance with the schedule set by Lucas Group and/or its clients.

**ANSWER:**

Lucas admits that Plaintiff worked in accordance with the schedule set by the client for whom Plaintiff performed services. Lucas denies the remaining allegations in Paragraph 47.

**COMPLAINT ¶48:**

Miller's work schedule is typical of the Day Rate Workers.

**ANSWER:**

Lucas denies the allegations in Paragraph 48.

**COMPLAINT ¶49:**

Lucas Group controls Miller and the Day Rate Workers' pay.

**ANSWER:**

Lucas denies the allegations in Paragraph 49. Lucas paid Plaintiff at agreed straight pay and overtime (1.5X straight time) pay rates based on Plaintiff's time entries, which Plaintiff certified were "true and accurate."

**COMPLAINT ¶50:**

Likewise, Lucas Group and/or its clients control Miller and the Day Rate Workers' work.

**ANSWER:**

Lucas denies the allegations in Paragraph 50.

**COMPLAINT ¶51:**

Lucas Group requires Miller and the Day Rate Workers to follow Lucas Group and/or its clients' policies and procedures.

**ANSWER:**

Lucas admits that there are certain polices and/or procedures that Plaintiff was required follow from Lucas and/or its clients. Among the policies acknowledged by Plaintiff at the time of hire was that "time reported must accurately reflect all hours worked." Lucas denies the remaining allegations in Paragraph 51.

**COMPLAINT ¶52:**

Miller and the Day Rate Workers' work must adhere to the quality standards put in place by Lucas Group and/or its clients.

**ANSWER:**

Lucas admits that it expected Plaintiff to perform work of good quality. Lucas denies the remaining allegations in Paragraph 52.

**COMPLAINT ¶53:**

Miller and the Day Rate Workers are not required to possess any unique or specialized skillset (other than that maintained by all other workers in their respective positions) to perform their job duties.

**ANSWER:**

Lucas denies the allegations in Paragraph 53.

**COMPLAINT ¶54:**

At all relevant times, Lucas Group and/or its clients maintained control, oversite, and direction of Miller and the Day Rate Workers, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, and other employment practices.

**ANSWER:**

Lucas admits that it hired Plaintiff, could discipline and terminate him, met his payroll, and was responsible for certain employment practices. Lucas denies the remaining allegations in Paragraph 54.

**COMPLAINT ¶55:**

Miller and the Day Rate Workers do not have the power to hire or fire any employees.

**ANSWER:**

Lucas admits that Plaintiff did not have the power to hire or terminate any other Lucas employees. Lucas denies the remaining allegations in Paragraph 55.

**COMPLAINT ¶56:**

Lucas Group knows Miller and the Day Rate Workers work for at least 10 hours a day, for as many as 7 days a week.

**ANSWER:**

Lucas denies the allegations in Paragraph 56.

**COMPLAINT ¶57:**

Lucas Group's records reflect the fact that Miller and the Day Rate Workers regularly work far in excess of 40 hours in certain workweeks.

**ANSWER:**

Lucas denies the allegations in Paragraph 57.

**COMPLAINT ¶58:**

Lucas Group does not pay Miller or the Day Rate Workers overtime for hours worked in excess of 40 in any of those weeks.

**ANSWER:**

Lucas denies the allegations in Paragraph 58.

**COMPLAINT ¶59:**

Instead, Lucas Group pays Miller and the Day Rate Workers on a day rate basis.

**ANSWER:**

Lucas denies the allegations in Paragraph 59.

**COMPLAINT ¶60:**

Very little skill, training, or initiative is required of Miller and the Day Rate Workers to perform their job duties.

**ANSWER:**

Lucas denies the allegations in Paragraph 60.

**COMPLAINT ¶61:**

Indeed, the daily and weekly activities of Miller and the Day Rate Workers are routine and largely governed by standardized plans, procedures, and checklists created by Lucas Group.

**ANSWER:**

Lucas denies the allegations in Paragraph 61.

**COMPLAINT ¶62:**

Virtually every job function is predetermined by Lucas Group (or its clients), including the tools and equipment used at the job site, the data to compile, the schedule of work, and related work duties.

**ANSWER:**

Lucas denies the allegations in Paragraph 62.

**COMPLAINT ¶63:**

Lucas Group prohibits Miller and the Day Rate Workers from varying their job duties outside of the predetermined parameters and requires Miller and the Day Rate Workers to follow Lucas Group's (or its clients') policies, procedures, and directives.

**ANSWER:**

Lucas denies the allegations in Paragraph 63.

**COMPLAINT ¶64:**

Miller and the Day Rate Workers perform routine job duties largely dictated by Lucas Group (or its clients).

**ANSWER:**

Lucas denies the allegations in Paragraph 64.

**COMPLAINT ¶65:**

All of Lucas Group's day rate employees are subjected to the same or similar policies and procedures which dictate the day-to-day activities they perform.

**ANSWER:**

Lucas denies the allegations in Paragraph 65.

**COMPLAINT ¶66:**

All of Lucas Group's day rate employees work similar hours and are denied overtime as a result of the same illegal pay practice.

**ANSWER:**

Lucas denies the allegations in Paragraph 66.

**COMPLAINT ¶67:**

Lucas Group uniformly denies Miller and the Day Rate Workers overtime for the hours they work in excess of 40 hours in a single workweek.

**ANSWER:**

Lucas denies the allegations in Paragraph 67.

**COMPLAINT ¶68:**

Miller and the Day Rate Workers are not employed on a salary basis.

**ANSWER:**

Lucas admits that it did not pay Plaintiff on a salary basis. Lucas denies the remaining

allegations in Paragraph 68.

**COMPLAINT ¶69:**

Miller and the Day Rate Workers do not, and have never, received guaranteed weekly compensation from Lucas Group irrespective of the day worked (i.e., the only compensation they receive is the day rate they are assigned for all hours worked in a single day or week).

**ANSWER:**

Lucas admits that it did not guarantee Plaintiff a weekly (or even daily) compensation.

Lucas denies the remaining allegations in Paragraph 69.

**COMPLAINT ¶70:**

Lucas Group's policy of paying Miller and the Day Rate Workers a day rate with no overtime compensation violates the FLSA because it deprives Miller and the Day Rate Workers of overtime for the hours they work in excess of 40 hours in a single workweek.

**ANSWER:**

Lucas denies the allegations in Paragraph 70.

**COMPLAINT ¶71:**

Lucas Group knew Miller and the Day Rate Workers worked more than 40 hours in a week.

**ANSWER:**

Lucas admits that at times Plaintiff reported working more than 40 hours in a work week

and on each such occasion Plaintiff received overtime pay at one-and-one-half times his regular

rate of pay. Lucas denies the remaining allegations in Paragraph 71.

**COMPLAINT ¶72:**

Lucas Group knew, or showed reckless disregard for whether, the Day Rate Workers were not exempt from the FLSA's overtime provisions.

**ANSWER:**

Lucas denies the allegations in Paragraph 72.

**COMPLAINT ¶73:**

Nonetheless, Lucas Group failed to pay Miller and the Day Rate Workers overtime.

**ANSWER:**

Lucas denies the allegations in Paragraph 73.

**COMPLAINT ¶74:**

Lucas Group knew, or showed reckless disregard for whether, the conduct described in this Complaint violated the FLSA.

**ANSWER:**

Lucas denies the allegations in Paragraph 74.

**COLLECTIVE ACTION ALLEGATIONS**

**COMPLAINT ¶75:**

Miller brings this claim as a collective action under the FLSA.

**ANSWER:**

Lucas admits that Plaintiff purports to bring this claim as a collective action under the FLSA but denies that Plaintiff is similarly situated to any other employees or that this case should proceed as a collective action.

**COMPLAINT ¶76:**

The Day Rate Workers were victimized by Lucas Group's pattern, practice, and/or policy which is in willful violation of the FLSA.

**ANSWER:**

Lucas denies the allegations in Paragraph 76.

**COMPLAINT ¶77:**

Other Day Rate Workers worked with Miller and indicated they were paid in the same manner (a day rate with no overtime) and performed similar work.

**ANSWER:**

Lucas denies the allegations in Paragraph 77.

**COMPLAINT ¶78:**

Based on his experiences with Lucas Group, Miller is aware that Lucas Group's illegal practices were imposed on the Day Rate Workers.

**ANSWER:**

Lucas denies the allegations in Paragraph 78.

**COMPLAINT ¶79:**

The Day Rate Workers are similarly situated in all relevant respects.

**ANSWER:**

Lucas denies the allegations in Paragraph 79.

**COMPLAINT ¶80:**

Even if their precise job duties might vary somewhat, these differences do not matter for the purposes of determining their entitlement to overtime.

**ANSWER:**

Lucas denies the allegations in Paragraph 80.

**COMPLAINT ¶81:**

The illegal day rate policy that Lucas Group imposes on Miller is likewise imposed on all Day Rate Workers.

**ANSWER:**

Lucas denies the allegations in Paragraph 81.

**COMPLAINT ¶82:**

Numerous individuals are victimized by this pattern, practice, and policy which is in willful violation of the FLSA.

**ANSWER:**

Lucas denies the allegations in Paragraph 82.

**COMPLAINT ¶83:**

The Day Rate Workers are similarly denied overtime when they work more than 40 hours per week.

**ANSWER:**

Lucas denies the allegations in Paragraph 83.

**COMPLAINT ¶84:**

The overtime owed to Miller and the Day Rate Workers will be calculated using the same records and using the same formula.

**ANSWER:**

Lucas denies the allegations in Paragraph 84.

**COMPLAINT ¶85:**

Miller's experiences are therefore typical of the experiences of the Day Rate Workers.

**ANSWER:**

Lucas denies the allegations in Paragraph 85.

**COMPLAINT ¶86:**

The specific job titles or precise job locations of the various members of the Putative Class do not prevent collective treatment.

**ANSWER:**

Lucas denies the allegations in Paragraph 86.

**COMPLAINT ¶87:**

Miller has no interests contrary to, or in conflict with, the Day Rate Workers that would prevent class or collective treatment.

**ANSWER:**

Lucas denies the allegations in Paragraph 87.

**COMPLAINT ¶88:**

Like each Day Rate Worker, Miller has an interest in obtaining the unpaid overtime wages owed under state and/or federal law.

**ANSWER:**

Lucas denies the allegations in Paragraph 88.

64477167v.2

**COMPLAINT ¶89:**

A collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

**ANSWER:**

Lucas denies the allegations in Paragraph 89.

**COMPLAINT ¶90:**

Absent a collective action, many Day Rate Workers will not obtain redress of their injuries and Lucas Group will reap the unjust benefits of violating the FLSA.

**ANSWER:**

Lucas denies the allegations in Paragraph 90.

**COMPLAINT ¶91:**

Further, even if some of the Day Rate Workers could afford individual litigation against Lucas Group, it would be unduly burdensome to the judicial system.

**ANSWER:**

Lucas denies the allegations in Paragraph 91.

**COMPLAINT ¶92:**

Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the Day Rate Workers, as well as provide judicial consistency.

**ANSWER:**

Lucas admits that this case should proceed only in one forum. Lucas denies the remaining allegations in Paragraph 92.

**COMPLAINT ¶93:**

The questions of law and fact that are common to each Day Rate Worker predominate over any questions affecting solely the individual members.

**ANSWER:**

Lucas denies the allegations in Paragraph 93.

**COMPLAINT ¶94:**

Among the common questions of law and fact are:

a.        Whether Lucas Group employed the Day Rate Workers within the meaning of the FLSA;

b.        Whether Lucas Group's decision to pay a day rate with no overtime compensation to these workers was made in good faith;

c.        Whether Lucas Group's violation of the FLSA was willful; and

d.        Whether Lucas Group's illegal pay practice applied to the Day Rate Workers.

**ANSWER:**

Lucas denies the allegations in Paragraph 94.

**COMPLAINT ¶95:**

Miller and the Day Rate Workers sustained damages arising out of Lucas Group's illegal and uniform employment policy.

**ANSWER:**

Lucas denies the allegations in Paragraph 95.

**COMPLAINT ¶96:**

Miller knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a collective action.

**ANSWER:**

Lucas denies the allegations in Paragraph 96.

**COMPLAINT ¶97:**

Even if the issue of damages were somewhat individual in character, the damages can be calculated by reference to Lucas Group's records, and there is no detraction from the common nucleus of liability facts.  Therefore, this issue does not preclude collective treatment.

**ANSWER:**

Lucas denies the allegations in Paragraph 97.

**COMPLAINT ¶98:**

Lucas Group is liable under the FLSA for failing to pay overtime to Miller and the Day Rate Workers.

**ANSWER:**

Lucas denies the allegations in Paragraph 98.

**COMPLAINT ¶99:**

Consistent with Lucas Group's illegal day rate policy, Miller and the Day Rate Workers were not paid the proper premium overtime compensation when they worked more than 40 hours in a workweek.

**ANSWER:**

Lucas denies the allegations in Paragraph 99.

**COMPLAINT ¶100:**

As part of their regular business practices, Lucas Group intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Miller and the Day Rate Workers.

**ANSWER:**

Lucas denies the allegations in Paragraph 100.

**COMPLAINT ¶101:**

Lucas Group's illegal day rate policy deprived Miller and the Day Rate Workers of the premium overtime wages they are owed under federal law.

**ANSWER:**

Lucas denies the allegations in Paragraph 101.

**COMPLAINT ¶102:**

Lucas Group is aware, or should have been aware, that the FLSA required them to pay Miller and the Day Rate Workers overtime premiums for all hours worked in excess of 40 hours per workweek.

**ANSWER:**

Lucas admits that it was aware of the requirements of the FLSA. Lucas denies the remaining allegations in Paragraph 102.

**COMPLAINT ¶103:**

There are many similarly situated Day Rate Workers who have been denied overtime pay in violation of the FLSA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.

**ANSWER:**

Lucas denies the allegations in Paragraph 103.

**COMPLAINT ¶104:**

This notice should be sent to the Day Rate Workers pursuant to 29 U.S.C. § 216(b).

**ANSWER:**

Lucas denies the allegations in Paragraph 104.

**COMPLAINT ¶105:**

Those similarly situated employees are known to Lucas Group, are readily identifiable, and can be located through Lucas Group's records.

**ANSWER:**

Lucas admits that it has records of those who performed work on its behalf, but denies that Plaintiff is similarly situated to any other employees or that this case should proceed as a collective action.

**CAUSE OF ACTION**
**VIOLATION OF THE FLSA**

**COMPLAINT ¶106:**

Miller brings his FLSA claim as a collective action under 29 U.S.C. § 216(b).

**ANSWER:**

Lucas admits Plaintiff purports to bring this claim as collective action under the FLSA but denies that Plaintiff is similarly situated to any other employees or that this case should proceed as a collective action.

**COMPLAINT ¶107:**

Lucas Group violated, and is violating, the FLSA by failing to pay Miller and the Day Rate Workers overtime.

**ANSWER:**

Lucas denies the allegations in Paragraph 107.

**COMPLAINT ¶108:**

Lucas Group knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay the Day Rate Workers overtime compensation.

**ANSWER:**

Lucas denies the allegations in Paragraph 108.

**COMPLAINT ¶109:**

Lucas Group's failure to pay overtime compensation to these employees was neither reasonable, nor was the decision not to pay overtime made in good faith.

**ANSWER:**

Lucas denies the allegations in Paragraph 109.

**COMPLAINT ¶110:**

Accordingly, Miller and the Day Rate Workers are entitled to overtime wages under the FLSA in an amount equal to 1.5 times their rate of pay, plus liquidated damages, attorney's fees and costs.

**ANSWER:**

Lucas denies the allegations in Paragraph 110.

**JURY DEMAND**

Miller demands a trial by jury.

**ANSWER:**

Lucas admits that Plaintiff seeks a trial by jury but denies that Plaintiff is similarly situated to any other employees or that this case should proceed as a collective action. Lucas also denies that it violated the FLSA or that Plaintiff is entitled to any form of relief.

**PRAYER**

WHEREFORE, Miller, individually, and on behalf of the Day Rate Workers respectfully requests that this Court grant the following relief:

a.      An order designating this lawsuit as a collective action and authorizing notice pursuant to 29 U.S.C. § 216(b) to the Day Rate Workers to permit them to join this action by filing a written notice of consent;

b.      A judgment against Lucas Group awarding Miller and the Putative Members all their unpaid overtime compensation and an additional, equal amount, as liquidated damages;

c.      Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under the FLSA;

d.      An order awarding attorneys' fees, costs, and expenses;

e.      Pre- and post-judgment interest at the highest applicable rates; and

f.      Such other and further relief as may be necessary and appropriate.

**ANSWER:**

Lucas admits that Plaintiff seeks relief and that Plaintiff purports to bring this claim as collective action under the FLSA but denies that Plaintiff is similarly situated to any other employees or that this case should proceed as a collective action. Lucas also denies that it violated the FLSA or that Plaintiff is entitled to any form of relief.

**DEFENSES**

In asserting these defenses, Lucas does not assume the burden of proof on any matters for which Plaintiff rightfully bears the burden of proof. In addition, Lucas is continuing to investigate Plaintiff's allegations and, therefore, reserves the right to amend its Answer and Defenses.

64477167v.2

The term "Plaintiff," as used below, refers to any and all current and future Plaintiffs in this lawsuit.

1.      The FLSA claim is limited to the applicable two-year statute of limitations because Plaintiff cannot establish a willful violation of the FLSA. *See* 29 U.S.C. § 255.

2.      At all times relevant, Lucas complied with the applicable requirements of the FLSA. In the alternative, Lucas is not liable because Plaintiff was classified as non-exempt and compensated on an hourly basis.

3.      Lucas is not liable because its acts or omissions were in good faith and in reasonable reliance on an administrative regulation, order, ruling, approval and interpretation of the United States Department of Labor, or an administrative practice or enforcement policy of the United States Department of Labor with respect to the class of employers to which Defendant belongs. *See* 29 U.S.C. §§ 258 and 259.

4.      At all times relevant, Lucas complied with the requirements of the FLSA. In the alternative, Lucas should not be required to pay liquidated damages because its acts or omissions were in good faith and Lucas had reasonable grounds for believing that its acts or omissions were not a violation of the FLSA. *See* 29 U.S.C. § 260. In the alternative, the claims for liquidated damages and pre-judgment interest are barred to the extent that these forms of relief are duplicative of each other.

5.      At all times relevant, Lucas complied with the requirements of the FLSA. In the alternative, Lucas did not know, and had no reason to know, that Plaintiff was working overtime hours during weeks he did not report working overtime hours.

6.      Plaintiff's claims may be barred, in whole or in part, by the doctrine of estoppel. Specifically, if Plaintiff makes representations during discovery or trial in this action that are

inconsistent with his prior representations to Lucas, then his claims may be barred by the doctrine of estoppel. In addition, Plaintiff represented to Lucas when hired that he understood his obligation to accurately report all hours worked, and certified that his time was accurate each time he entered it into Lucas' timekeeping system. Lucas reasonably relied upon these representations and Plaintiff in estopped from pursuing claims that contradict them. Alternatively, Plaintiff by these actions knowingly waived his right to make these claims.

7.      Plaintiff's claims may be barred, in whole or in part, by the doctrine of judicial estoppel. Specifically, if Plaintiff made or makes representations in a court of law that are inconsistent with his representations in this lawsuit, then his claims may be barred by the doctrine of judicial estoppel.

8.      This case may not be maintained as a collective action because Plaintiff is not similarly situated to the persons he purports to represent. Thus, he cannot satisfy the requirements necessary to maintain a collective action under 29 U.S.C. § 216(b).

Lucas presently has insufficient knowledge and information upon which to form a belief about whether it has additional affirmative defenses and/or counterclaims against Plaintiff. Accordingly, Lucas expressly reserves the right to assert additional defenses and counterclaims against Plaintiff.

64477167v.2

Dated: June 19, 2020

Respectfully submitted,

*/s/ Esteban Shardonofsky*
Esteban Shardonofsky
Attorney-in-Charge
Texas Bar No. 24051323
S.D. Texas No. 615928
sshardonofsky@seyfarth.com
SEYFARTH SHAW LLP
700 Milam Street, Suite 1400
Houston, Texas 77002
(713) 225-2300 – Telephone
(713) 225-2340 – Facsimile

ATTORNEY-IN-CHARGE FOR DEFENDANT

Of Counsel:

Brian A. Wadsworth
Texas Bar No. 24075231
S.D. Texas No. 2311180
bawadsworth@seyfarth.com
SEYFARTH SHAW LLP
700 Milam Street, Suite 1400
Houston, Texas 77002
(713) 225-2300 – Telephone
(713) 225-2340 – Facsimile

64477167v.2

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was served on all counsel of record, as listed below, by operation of the court's electronic notification system and email on this 19th day of June, 2020.

Michael A. Josephson
Andrew W. Dunlap
Taylor A. Jones
JOSEPHSON DUNLAP
11 Greenway Plaza, Suite 3050
Houston, Texas 77046

Richard J. (Rex) Burch
BRUCKNER BURCH PLLC
8 Greenway Plaza, Suite 1500
Houston, Texas 77046

*/s/ Esteban Shardonofsky*
Esteban Shardonofsky